# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> VINAY BARARIA, ) <br> ) <br> Defendant. ) <br> ) | Case No. 2:12-cr-00236-MMD -GWF <br><br> **ORDER** <br><br> Motion for Order Allowing U.S. to Maintain Custody of Seized Property (#34) |

This matter comes before the Court on the Government's Motion for Order Allowing United States to Maintain Custody of Seized Property Pursuant to 18 U.S.C. § 983(a)(3)(B)(ii)(II) (#34), filed on July 30, 2012. Defendant failed to file an opposition to this motion and the time for opposition has now expired. The Government requests the Court issue an order allowing the Government to maintain custody of property already in the Government's possession for possible forfeiture in this matter.

In March 2012, the Drug Enforcement Administration (DEA) seized property from Defendant Vinay Bararia, M.D. based on a criminal investigation for violations of Title 21 U.S.C. §§ 841 and 846. The following property was seized:

1. $15,100.00 in United States currency seized on March 6, 2012 from Bank of America Safety Deposit Box No. 127-9 located at the Bank of America branch located at 6610 Durango, Las Vegas, Nevada 89149;

2. $15,000.00 in United States currency seized on March 6, 2012, from the Bank of America Safety Deposit Box No. 001112011287 located at the Bank of America branch located at 6610 Durango, Las Vegas, Nevada 89149;

3. a 2007 Jaguar XK (VIN SAJWA43B875B07357) seized from the person of Vinay Bararia on March 1, 2012; and

4. $3,561.00 in United States currency seized from the person of Vinay Bararia on March 1, 2012.

| | |
|---|---|
| 1 | On March 19, 21 and 27, 2012, the DEA sent Defendant notice of the Government's intent |
| 2 | to forfeit the above-listed seized property in a non-judicial forfeiture proceeding pursuant to 18 |
| 3 | U.S.C. §983(a)(1).  On May 2, 2012, Defendant filed claims contesting the administrative forfeiture |
| 4 | of the above-property.  Pursuant to 18 U.S.C. §983(a)(3), after administrative claims have been |
| 5 | filed, the United States have 90 days to (1) return the assets to Defendant, (2) commence a civil |
| 6 | judicial forfeiture proceedings, or (3) commence a criminal forfeiture proceedings.  On June 25, |
| 7 | 2012, the Government obtained an indictment containing allegations that all the above-listed |
| 8 | property is subject to forfeiture. |
| 9 | Title 18 U.S.C. § 983(a)(3)(B)(ii)(II) states that when the Government has already seized |
| 10 | the property subject to the indictment, the Government must "take the steps necessary to preserve |
| 11 | its right to maintain custody of the property as provided in the applicable criminal forfeiture |
| 12 | statute."  Here, because the Government has already allegedly obtained lawful custody of the seized |
| 13 | assets and the Government seeks to comply with Section 983(a)(3)(B)(ii)(II), "all that is required to |
| 14 | comply with Section 983(a)(3)(B)(ii)(II) is an order from this Court stating that the United States |
| 15 | and its agencies,. . . may continue to maintain custody of the seized assets until the criminal case is |
| 16 | concluded." *United States v. Scarmazzo*, 2007 WL 587183, at *3 (E.D. Cal. 2007).  *See also United* |
| 17 | *States v. Standridge*, 2007 WL 2572207, at *2 (M.D. Fla. 2007).  The Defendant has not contested |
| 18 | that the seized property was unlawfully obtained or filed an objection to this motion.  Pursuant to |
| 19 | LR 7-2(d), failure of an opposing party to file points and authorities in response to any motion |
| 20 | constitutes consent to granting that motion.  Because it appears the Government has properly seized |
| 21 | the above-referenced property, the Court will grant the Government's request.  Accordingly, |
| 22 | **IT IS HEREBY ORDERED** that Government's Motion for Order Allowing United States |
| 23 | to Maintain Custody of Seized Property Pursuant to 18 U.S.C § 983(a)(3)(B)(ii)(II) (#34) is |
| 24 | **granted**.  The United States may maintain custody of the above-referenced seized assets through |
| 25 | . . . |
| 26 | . . . |
| 27 | . . . |
| 28 | . . . |

the conclusion of the pending criminal case. This order satisfies the custody-preservation requirement of 18 U.S.C. § 983(a)(3)(B)(ii)(II).

DATED this 21st day of August, 2012.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge